UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINIQUE STOUDEMIRE,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, a public entity, PATRICIA CARUSO, Director of the Michigan Department of Corrections, GEORGE J. PRAMSTALLER, D.O., MDOC Chief Medical Officer, RICHARD RUSSELL, MDOC Bureau of Health Care Administrator, SUSAN DAVIS, Warden, Huron Valley Women's Facility, MUHAMMAD MUSTAFA, M.D., UYEN THAI-BUDZINSKI, M.D., Nursing Staff JANET ADAMICK, R.N., ANITA M. LEECH, FRANK WINTERSTEEN, Corrections Officer ARRIEL N. DUNAGAN, in their Official and Individual capacities, jointly and severally,

        Defendants.

Case No. 07-15387
Honorable Julian Abele Cook, Jr.

ORDER

The parties in this lawsuit have filed three procedural motions, all of which are ripe for resolution by the Court. The first motion is a request by the Plaintiff (Martinique Stoudemire), which if granted, will result in the severance of her claims and/or lawsuit against two of the Defendants (Drs. Muhammad Mustafa and Uyen Thai-Budzinski), from her case against the remaining above-captioned Defendants, all of whom are associated with the Michigan Department of Corrections (collectively, "the MDOC Defendants"). The second motion is an application by the MDOC Defendants to stay the commencement of the trial in this litigation pending the resolution of an interlocutory appeal to the Sixth Circuit on the issue of qualified immunity. The third and final matter involves a request by Drs. Mustafa and Thai-Budzinski to adjourn the trial

1

which is currently scheduled to commence on June 28, 2011.

I.

This lawsuit relates to claims by the Plaintiff who asserts that she received inadequate health care treatment by the Defendants while she was in the custody of the Michigan Department of Corrections ("MDOC") between 2002 and 2007, in violation of her rights under, *inter alia,* 42 U.S.C. § 1983. In an amended order on April 5, 2011, the Court denied a request by the MDOC Defendants to dismiss the lawsuit and/or enter a summary judgment in their favor on certain qualified immunity claims. The MDOC Defendants have filed an appeal of the April 5th order, and, as it pertains to their interests only, the case is now pending with the Court of Appeals for the Sixth Circuit. The other two Defendants, Drs. Mustafa and Thai-Budzinski, have not appealed, and, hence, their case is ready to proceed to trial.

A.

In their motion to stay the proceedings against them, the MDOC Defendants properly note that the denial of a qualified immunity defense entitles them to seek an immediate appellate review. *Berryman v. Rieger,* 150 F.3d 561, 562 (6th Cir. 1988) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Moreover, since this doctrine is designed to shield public officials from unwarranted disruptions caused by discovery and trial, a party who appeals an adverse qualified immunity ruling is entitled to have the underlying action stayed pending a resolution of the appellate review. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) (recognizing that "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation."). In light of this settled precedent, the Court deems it appropriate to stay the trial in this matter pending a resolution of the qualified immunity issue by the Sixth Circuit. Accordingly, the MDOC

Defendants' request for a stay of the proceedings is granted.

B.

Next, the Plaintiff asks the Court to sever her claims against the Defendants Mustafa and Thai-Budzinski from those matters that she has raised against the MDOC Defendants. She, in noting that a trial in this action had been scheduled for June 28, 2011, maintains that a severance of her claims is necessary in light of the indefinite delay that will be caused by the MDOC Defendants' appeal, as well as the overall fragility of her health. On the latter point, Stoudemire submits that, although her health has improved since being released from custody, she is generally vulnerable - health wise - because of her lupus, circulatory, and kidney problems. Having undergone two additional leg operations because of her impaired circulation, Stoudemire posits that a lengthy delay may significantly prejudice her ability to provide live testimony and/or to assist her counsel during the trial. It is also her belief that none of the Defendants will prejudiced by the requested severance.

In support of her claim, Stoudemire cites Fed. R. Civ. P. 21, which allows a court to "sever any claim against a party" and Fed. R. Civ. P. 42(b), which, "[f]or convenience, to avoid prejudice, or to expedite and economize," permits a court to order a separate trial of separate issues or claims. According to the Sixth Circuit, a decision by a court on whether to order separate trials under Rules 21 and 42(b) is discretionary, and the propriety of bifurcation is evaluated on a case-by-case basis. *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988); *See also, Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir.1988) ("[t]he manner in which a trial court handles misjoinder lies within that court's sound discretion."). This Court has observed that the party, who seeks bifurcation under Rule 42(b), bears the burden of demonstrating that separate trials would promote judicial economy while avoiding prejudice to any party. *K.W. Muth Co., Inc. v. Bing-Lear*

*Manufacturing Group, L.L.C.*, No. 01-71925, 2002 U.S. Dist. LEXIS 14926, *8 (E.D. Mich. Jul. 16, 2002).

Upon reviewing the record, the Court concludes that a severance of Stoudemire's claims against Drs. Mustafa and Thai-Budzinski is not warranted here. Inasmuch as those facts, which are relevant to many of the claims against both sets of Defendants, arise from the same medical conditions, courses of medical treatment, and conditions of confinement, the Court will not - on the basis of the current record - obligate the Defendants to proffer the same defense twice in the course of two separate trials. To the extent that the claims asserted implicate the same transaction or occurrences during Stoudemire's confinement at the MDOC, the wisdom of granting her application for a severance is weakened.

Moreover, the complicated nature of Stoudemire's medical condition (systemic lupus erythematosus ["SLE"]), combined with her lengthy medical treatment, and the complex claims she has asserted against the eleven Defendants has resulted in a voluminous factual record. Indeed - by the parties' own estimates - any eventual trial in this matter may last at least ten business days, and will necessarily involve the presentation of testimony from a large number of fact and/or expert witnesses. In the judgment of this Court, the dual presentation of this often-overlapping evidence would frustrate, rather than promote, judicial economy.

It is not lost upon the Court that a denial of Stoudemire's request for severance has the potential of causing her to sustain a prejudice, especially in light of her chronic SLE and impaired renal and circulatory function along with the indefinite length of the stay occasioned by the Defendants' appeal. However, based upon the information that Stoudemire has provided the Court about her current health condition, there is no evidence to support her assertion that there is "a

significant likelihood" that a delay in the commencement of the trial would render her unable to (1) provide live testimony or (2) assist her counsel at trial. (Stoudemire's Motion to Sever at 6). With recognition that future developments may occur in Stoudemire's health condition which could compel a different result, the Court must, and does, deny her request for a severance of claims against the Defendants Drs. Mustafa and Thai-Budzinski, without prejudice to her right to re-file a similar request for relief when and if warranted.

C.

Lastly, on May 12, 2011, two of the Defendants, Drs. Muhammad Mustafa and Uyen Thai-Budzinski, filed a joint motion in which they seek to obtain an adjournment of the trial date. Having determined that a stay of this matter is appropriate in light of the pending appeal, the Court will deny their motion for reasons of mootness.

III.

For the reasons that have been set forth above, (1) the MDOC Defendants' request to stay the proceedings is granted, (2) Stoudemire's motion for a severance is denied, and (3) the request for an adjournment of the trial by Drs. Mustafa and Thai-Budzinski's is denied.

IT IS SO ORDERED.

Dated: June 14, 2011                                           s/Julian Abele Cook, Jr.
       Detroit, Michigan                                JULIAN ABELE COOK, JR.
                                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 14, 2011.

s/ Kay Doaks  
Case Manager