UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTINIQUE STOUDEMIRE,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, a public entity, PATRICIA CARUSO, Director of the Michigan Department of Corrections, GEORGE J. PRAMSTALLER, D.O., MDOC Chief Medical Officer, RICHARD RUSSELL, MDOC Bureau of Health Care Administrator, SUSAN DAVIS, Warden, Huron Valley Women's Facility, MUHAMMAD MUSTAFA, M.D., UYEN THAI-BUDZINSKI, M.D., Nursing Staff JANET ADAMICK, R.N., ANITA M. LEECH, FRANK WINTERSTEEN, Corrections Officer ARRIEL N. DUNAGAN, in their Official and Individual capacities, jointly and severally,

        Defendants.

Case No. 07-15387
Honorable Julian Abele Cook, Jr.

## ORDER

The Plaintiff, Martinique Stoudemire, a former occupant of a Michigan penal institution (to wit, Huron Valley Women's Correctional Facility ("Huron Valley") in Ypsilanti, Michigan), has accused the Defendants[1] of purposefully trammeling her civil rights in violation of existing federal and Michigan laws. On April 5, 2011, the Court entered an order which denied, in part, the MDOC Defendants' motions to dismiss and for the entry of a summary judgment in connection with their qualified immunity defenses relating to two of Stoudemire's claims.[2] An appeal by the

---

[1] The Defendants in this case have been identified by Stoudemire as Patricia Caruso, George Pramstaller, Richard Russell, Susan Davis, Janet Adamick, Anita Leech, Frank Wintersteen and Arriel Dunagan (hereinafter identified as the "MDOC Defendants"), along with two independent contracting physicians, Dr. Muhammad Mustafa and Dr. Uyen Thai-Budzinski.

[2] As noted in an earlier opinion of the Court, Stoudemire did not challenge the request by the MDOC Defendants to dismiss Counts I and IV against the Defendants (Caruso, Russell,

MDOC Defendants followed. On January 31, 2013, the Sixth Circuit partially vacated the April 5, 2011 order, and remanded this case for further proceedings in light of its opinion. *Stoudemire v. Michigan Dep't Of Corr.,* 705 F.3d 560 (6th Cir. 2013).

Currently pending before the Court is Stoudemire's motion to reopen the record on remand from the Sixth Circuit (ECF No. 130), proffering therein the following additional evidence which would ostensibly support her position; namely, (1) a declaration of March 18, 2013 by the Plaintiff's mother, Delores Stoudemire, regarding correspondence that had been forwarded by her to Susan Davis, who is also a Defendant in this litigation and the warden of Huron Valley, as well as (2) an abbreviated transcript of Davis' deposition. It is her expressed desire to use this new evidence in opposition to the MDOC Defendants' motion to dismiss and for summary judgment.

I.

The events which gave rise to this litigation have been thoroughly set forth in the order of April 5, 2011. (ECF No. 110). In summary, Stoudemire, who has suffered from autoimmune and kidney disorders since her younger years, alleges that she underwent three separate amputation operations while at Huron Valley as a result of inadequate health care by the Defendants. Of particular relevance to her claims on remand, Stoudemire states that her post-operative physical condition (i.e., stump and buttock) became infected with Methicillin-Resistant Staphylococcus Aureas ("MRSA") following her final amputation in December 2006.

Pursuant to an existing MDOC policy, Stoudemire was quarantined in a segregated housing unit for a brief period as a procedure that was ostensibly designed to prevent the spread of her

---

Pramstaller, Wintersteen, Adamick and Leach). As a result, the Court granted the MDOC Defendants' motion for dismissal with regard to Counts I and IV only as it relates to the above-listed individuals.

infection. According to Stoudemire, it was Davis who sanctioned her placement in a cell that was unfit for an individual with her disability. As it relates to this action, Davis maintains that she (1) is protected from liability under the qualified immunity doctrine, and (2) acted reasonably under the circumstances by relying on the established standards of the Bureau of Health Services (the internal body allegedly responsible for issuing medically warranted housing accommodations) and the Huron Valley medical staff to ensure that Stoudemire was appropriately housed.

In addition to Stoudemire's claims against Davis, the Court is likewise tasked with considering the validity of officer Arriel Dunagan's state law immunity defense.[3] The crux of her claim against Dunagan surrounds the constitutionality of the "strip search" that was conducted of her on February 10, 2007. According to Stoudemire, Dunagan (1) had no legitimate reason to conduct the search, and (2) conducted this procedure in a manner that was highly offensive and embarrassing. Dunagan asserts that the search was necessary in light of Stoudemire's evasive behavior, and offers the contraband that was later uncovered as proof of the potential dangers that were associated with the search.

## II.

It is well-established under Sixth Circuit precedent that the decision to reopen the record in order to consider additional evidence is within the sound discretion of the trial court. *Calage v. University of Tennessee*, 544 F.2d 297, 301 (6th Cir.1976). Indeed, "[a]bsent contrary instructions, a remand for reconsideration leaves the precise manner of reconsideration-whether on the existing record or with additional testimony or other evidence-to the sound discretion of the trial court."

---

[3] In light of the Sixth Circuit's opinion, only the state law claims under Mich. Comp. Laws. § 330.1722 are relevant for consideration by this Court on remand. *See Stoudemire,* 705 F.3d 560, 576 (6th Cir. 2013).

3

*Brunet v. City of Columbus, Ohio*, 58 F.3d 251, 257 (6th Cir. 1995) (quoting *State Indus., Inc. v. Mor-Flo Indus.*, Inc., 948 F.2d 1573, 1577 (Fed. Cir.1991)).

### III.

In support of her motion to reopen the record, Stoudemire contends that portions of Davis' deposition transcript along with her mother's declaration would be beneficial in resolving the issues now pending before the Court. However, the MDOC Defendants assert that if the Court is to reopen the record, it should consider the entire deposition transcript of Davis - not just excerpts.

As a preliminary matter, the Court notes that the Sixth Circuit directive is limited to the following issues on remand: whether (1) Davis is protected by the qualified immunity doctrine as it pertains to Stoudemire's § 1983 claim, and (2) the principals in this case are immune from liability with respect to the pending state law claims under Mich. Comp. Laws. § 330.1722. *See Stoudemire,* 705 F.3d 560, 576 (6th Cir. 2013).

In its evaluation of a government official's qualified immunity claim, the Court is encouraged to explore (1) whether the facts, as alleged by Stoudemire, set forth a violation of a constitutional right, and (2) if the identified constitutional right at issue was "clearly established at the time of defendant's alleged misconduct.*"* *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotations omitted). In order to satisfy a § 1983 claim based on the Eighth Amendment, the injured party must proffer evidence which demonstrates that a "state official acted with 'deliberate indifference' to h[er] 'medical needs.'" *Gibson v. Moskowitz,* 523 F.3d 657, 661 (6th Cir. 2008) (quoting *Clark-Murphy v. Foreback,* 439 F.3d 280, 286 (6th Cir. 2006)).

Based upon the subjective nature of this *Gibson* standard, the Court must analyze the viability of the qualified immunity doctrine in conjunction with all pertinent evidence relating to

4

the mental state of the alleged tortfeasors at or near the time of their challenged unconstitutional act. In order to succeed in her argument against the qualified immunity defense, Stoudemire must show that Davis was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [s]he must also [have] draw[n][that] inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Under these circumstances, the Court is inclined to grant Stoudemire's motion to reopen the record for the limited purpose of considering Davis' deposition and Delores Stoudemire's declaration. The Court will consider the entirety of Davis' deposition for purposes of remand. Hence, the parties are instructed to submit supplemental briefs to the Court on the following issues; namely, (1) whether Davis is protected by the qualified immunity doctrine with respect to Stoudemire's § 1983 claim, and (2) if any of the Defendants are immune from liability as it is applied to Stoudemire's state law claims under Mich. Comp. Laws. § 330.1722. The parties are to submit their (1) briefs within a period of fourteen (14) days of this Order, and (2) responses thereto within seven (7) days thereafter.

IT IS SO ORDERED.

Date: September25, 2013               s/Julian Abele Cook, Jr.
                                      JULIAN ABELE COOK, JR.
                                      U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2013.

                                      s/ Kay Doaks
                                      Case Manager

5